UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELNORA J. CARUSO,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION NO.<br>14-CV-1560 (JCH)<br><br><br>MARCH 23, 2016 |

**RULING RE: OBJECTION TO RECOMMENDED RULING (DOC. NO. 31)**

**I.     INTRODUCTION**

Plaintiff Elnora J. Caruso ("Caruso") brought this action under section 1631(c)(3) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  <u>See</u> 42 U.S.C.  § 1383(c)(3).  Magistrate Judge Sarah A.L. Merriam issued a Recommended Ruling on Cross Motions (Doc. No. 26) granting the Commissioner's Motion to Affirm the Decision of the Commissioner (Doc. No. 24) and denying Caruso's Motion to Reverse the Decision of the Commissioner (Doc. No. 20).  Caruso objects to the Recommended Ruling, claiming that it erred (1) in failing to consider whether, in combination, her symptoms were the "medical equivalent" of one or more impairment listings, and (2) in its approval of the Administrative Law Judge's ("ALJ") application of the treating physician rule.  The court assumes familiarity with the facts of this case and with the Recommended Ruling.

For the reasons set forth below, the court overrules Caruso's Objection, and it affirms, adopts, and ratifies the Recommended Ruling.

**II.     STANDARD OF REVIEW**

A district court reviews de novo those portions of a magistrate judge's recommended ruling to which an objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The remainder of a recommended ruling will be set aside "only for clear error." Campbell v. Astrue, 596 F. Supp. 2d 446, 448 n.1 (D. Conn. 2009). The court may adopt, reject, or modify, in whole or in part, a magistrate judge's recommended ruling. 28 U.C.S. § 636(b)(1).

In review of a Social Security disability determination, a court will set aside the decision of an ALJ "only where it is based upon legal error or is unsupported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). As the Supreme Court has instructed, "substantial evidence is more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Rather, substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 198 (D. Conn. 1998).

Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently. See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003). In other words, "[w]here an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

**III.    DISCUSSION**

    A.    <u>The ALJ Did Not Err in Declining to Find That Caruso's Spinal Conditions Met or Equaled a Listing</u>

Caruso's first objection to the Recommended Ruling is that it erred in holding that substantial evidence supported the ALJ's conclusion that Caruso's spinal conditions did not meet or equal Listings 1.04(A) or 1.04(C).  Objection at 1; see also 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.04(A) & (C) (requiring, inter alia, "limitation of motion of the spine [and] motor loss . . . accompanied by sensory or reflex loss," and "inability to ambulate effectively," respectively).  As an initial matter, the court observes that Caruso is correct that the Recommended Ruling "only focuses on Ms. Caruso's failure to meet these listings, and does not address her argument that she does not meet, but equals these Listings."  Id. at 3; see also Recommended Ruling at 19-23.  Nonetheless, substantial evidence supported the ALJ's decision that "[t]he medical evidence does not substantiate listing-level severity of the claimant's impairments, either individually or in combination, and [that] no acceptable medical source [ ] mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination."  Record at 557.[1]  Consequently, the court declines to sustain Caruso's objection to the Recommended Ruling on this ground.

The Code of Federal Regulations provides that, even if a claimant does not "meet" a listed impairment at "step three" of the Social Security benefit analysis (the determination of "whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations," <u>Berry v. Schweiker</u>, 675

---

[1] "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ."  Record at 557.

3

F.2d 464, 467 (2d Cir. 1982) (per curiam)), she may nonetheless be deemed to have "equaled" a listing if her "impairment(s) is medically equivalent to a listed impairment [for being] at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

As the ALJ's decision discusses at length, the record contains considerable evidence tending to show that the "claimant consistently demonstrated intact sensation to light touch, intact motor strength in the upper and lower extremities, negative straight raises, intact deep tendon reflexes in the upper and lower extremities, and a normal gait."  Record at 558 (citing, inter alia, Record at 509-10 (rehabilitation center evaluation indicating, inter alia, that Caruso was sensitive to light touch and could "ambulate normally"); see also infra at 5-6 (discussing evidence of record tending to show that Caruso could ambulate normally, did not have atrophied musculature, and did not have "significant neurologic complaints").  The evidence cited in the ALJ's decision consists of "substantial evidence" that Caruso's conditions are not, singly or in combination, the "medical equivalent," in terms of "severity and duration," of Listings 1.04(A) or 1.04(C).

    B.    The ALJ Did Not Misapply the "Treating Physicians Rule"

Under the Social Security regulations, the opinion of a physician who personally treated a claimant is generally given more weight than the opinion of a physician who did not treat the claimant; indeed, the ALJ ought normally to give such treating physicians "controlling" weight.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  However, an ALJ is not inextricably bound to the opinion of a treating physician and may deviate from such opinion—and accord more weight to a non-treating physician—if, among other things, the opinion is not consistent with other, substantial evidence of record.

See Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008). "Before discrediting the medical conclusions of a treating physician, the ALJ must 'explicitly consider' several factors, including: '(1) the frequency of examination and length, nature, and extent of the treatment relationship; (2) the evidence in support of the physician's opinion; (3) the consistency of the opinion with the record as a whole; (4) whether the opinion is from a specialist; and (5) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.'" Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Crossman v. Astrue, 783 F. Supp. 2d 300, 308 (D. Conn. 2010).

In this case, the ALJ declined to accord controlling weight to two treating physicians, Dr. Joseph Cherneskie and Dr. Arpad Fejos, who both opined that Caruso had functional limitations, opinions that are discussed in detail in the Recommended Ruling. Recommended Ruling at 24-27. The ALJ found that there "is little objective, clinical evidence to support" these physicians' opinions, because they were "inconsistent with the clinical examinations of record reflecting intact upper and lower extremity motor strength, sensation, deep tendon reflexes, and gait[, and t]hey are also inconsistent with [Caruso]'s subjective report of improvement in pain with treatment (medication and physical therapy) to Dr. Fejos, her personal therapist, her prior pain management provider, and [another physician]." Record at 566.

As the Recommended Ruling thoroughly discusses, the ALJ's decision is supported by substantial evidence. Recommended Ruling at 27-28 (citing, inter alia, Record at 1121 (Dr. Cherneskie) ("in no acute distress"); 1123, 26 (Dr. Cherneskie) ("MUSCULATURE: Good strength. Normal tone. No atrophy;" "Steady and normal gait."); 1170 (Dr. Fejos) ("The upper and lower extremity muscle strength testing are

5

5/5."); 1239 (Dr. Fejos) (same; "There is a negative straight leg raise."); 1133 (Bristol Hospital) ("Full range of motion of the elbows, wrists, and knees."); 1197 (Dr. Jonathan Grauer) (Caruso "really does not have significant neurologic complaints or any clear evidence of myelophathy;" "Upper and lower extremity motor testing is 5/5 throughout.")); see also Record at 1062 (Comprehensive Pain & Headache Treatment Centers) ("Gait: Not antalgic").

The ALJ did not err in his decision to accord more weight to non-treating physicians, where the opinions of the physicians who treated Caruso were contradicted by their own previous reports and by such evidence of record "as a reasonable mind might accept as adequate to support [his] conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971). Further, the ALJ adequately stated his reasons for not giving Caruso's treating physicians controlling weight. Barnhart, 362 F.3d at 32.

## IV. CONCLUSION

For the foregoing reasons, and because the court finds no clear error in the parts of the Recommended Ruling not addressed by Caruso in her Objection, the court **OVERRULES** the Objection (Doc. No. 31) and **AFFIRMS, ADOPTS, AND RATIFIES** the Recommended Ruling (Doc. No. 26). Therefore, as explained in the Recommended Ruling, the Commissioner's Motion to Affirm the Decision of the Commissioner (Doc. No. 24) is **GRANTED** and Caruso's Motion to Reverse the Decision of the Commissioner (Doc. No. 20) is **DENIED**.

**SO ORDERED**.

Dated at new Haven, Connecticut, this 23rd day of March, 2016.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge
